[Crim. No. 34246. Second Dist., Div. Three. Apr. 25, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
BLANCHE GLIMPS, Defendant and Respondent.

THE PEOPLE, Plaintiff and Appellant, v.
EARL BALLINGER, Defendant and Respondent.

316

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Ronald N. Ito, Deputy Attorneys General, for Plaintiffs and Appellants.

Erroll J. Gordon for Defendants and Respondents.

## OPINION

**POTTER, J.**—The People's appeals in these two municipal court matters have been transferred to this court from the Appellate Department of the Superior Court for the County of Los Angeles pursuant to rule 62, California Rules of Court. In each case, the municipal court made an order denying the People's motion to vacate a prior order sealing the records of a misdemeanor prosecution under the authority of Penal Code section 851.8 which, as enacted in 1975, provides: "Whenever a person is acquitted of a charge and it appears to the judge presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of the charge, the judge may order that the records in the case be sealed, including any record of arrest or detention, upon the written or oral motion of any party in the case or the court, and with notice to all parties to the case. If such an order is made, the court shall give to the defendant a copy of such order and inform the defendant that he may thereafter state that he was not arrested for such charge and that he was found innocent of such charge by the court."

The charges against both defendants had been dismissed pursuant to the provisions of Penal Code section 1385. In *Ballinger,* the order of dismissal was made November 13, 1970. In purported compliance with section 1385 of the Penal Code which then, as now, required that "[t]he reasons of the dismissal must be set forth in an order entered upon the

minutes," a stamped entry was imprinted with blanks filled in and deletions as follows:

```
"Dismissed Motion Court (X ) Peo ( )
      1385 P.C. (X)
      Plead to related offense    ( )
      Plead to included offense   ( )
      Insufficient evidence       ( )
      People not ready proceed    ( )
      Complaining witness not
          wish to proceed          1
      "1377 P.C. and 1378 P.C."
```

The proceedings at which the dismissal occurred were presided over by Meyer Newman, a judge pro tem. pursuant to oral stipulation.

In *Glimps,* the dismissal was entered January 8, 1975, in proceedings in which Richard C. Hubbell, commissioner, presided. As in the case of *Ballinger,* in purported compliance with section 1385 of the Penal Code, a stamped minute entry was made with blanks filled in as follows:

```
"CITY ATTORNEY'S APPLICATION TO DISMISS
 IN THE FURTHERANCE OF JUSTICE IS
 GRANTED FOR THE REASON THAT ........... 1385 PC
 ...........................................  on costs of $50

                                      FINE $ 50  PAID
                                      Rec. # S-337589 "
```

The motion for an order sealing the record in *Ballinger* was originally filed on May 19, 1977. It was heard on May 20, 1977, in Division 40 of the Municipal Court of the Los Angeles Judicial District, Elwood Lui presiding. The minute order at that time was: "Petition denied—1385 P.C. motion not an acquittal."

The motion was renewed on August 10, 1977, and reheard August 18, 1977, in Division 50, Loren Miller presiding. The minute order on that occasion was "Motion to seal records under Sec. 851.8 P.C. granted."

---

[1] Penal Code sections 1377 and 1378 provide for the discharge of misdemeanants when the victim "injured by an act constituting a misdemeanor has a remedy by a civil action" (§ 1377) and such victim "acknowledges that he has received satisfaction for the injury" (§ 1378).

In *Glimps,* the motion to seal the record was filed March 16, 1977. When the matter originally came on for hearing on March 21, 1977, in Division 82, Judge Clarence Stromwell trailed the matter to April 20, 1977, in order to permit counsel for the moving party to respond to a memorandum pointing out that the record showed neither an acquittal nor any indication that "the defendant was found to be '. . . factually innocent of the charge. . . .' " Defendant's counsel thereafter filed with the court a letter arguing the legal issues but conceding that "[a]s a result of the dismissal of this action . . . there could be no factual determination of innocence." The letter did, however, suggest that defendant might be innocent by stating that a civil action by defendant against the complainant was settled "in an amount substantially over what could be termed 'nuisance value' " and by characterizing defendant's conduct as "eating a cookie in a supermarket." But no competent evidence bearing on the issue of guilt was submitted. Despite this fact and without any further hearing, on April 14, 1977, the court "in chambers" made its order as follows: "Defendant is adjudged factually innocent. Defendant's request for 'sealing' under Penal Code section 851.8 is granted."

The People's motions to vacate the orders sealing the records were initiated by notice of motions filed respectively December 1, 1977, in *Ballinger,* and November 30, 1977, in *Glimps.* Both motions were based upon the ground that the defendant was "not eligible for the record sealing procedure provided for by Penal Code section 851.8."

In the case of *Ballinger,* the motion was served by mail upon Ballinger and upon his counsel, Errol J. Gordon. In the *Glimps* matter, purported service of the notice of motion was made by service upon the clerk of Division 40, in purported compliance with Code of Civil Procedure section 1011.

The motions in both matters were heard at the same time in Division 55 of the Los Angeles Municipal Court. Defendant Ballinger was represented by Errol J. Gordon. No appearance was made in behalf of defendant Glimps. The matter was argued by counsel for defendant Ballinger and by counsel for the People, and the court examined the docket in both matters. The court indicated its view that it had jurisdiction to grant the motion despite the fact that the time for appeal from the orders sealing the records had expired, because if unauthorized by Penal Code section 851.8, the sealing orders were in "excess of jurisdiction." The court concluded, however, that in the absence of "any pretrial motion on behalf of the defense," it was necessary to "indulge in the presumption that the Judge who heard this motion followed the law

as the Code requires us to assume and, therefore, that he granted this motion on the basis of an acquittal rather than on the basis of something else . . . ." and "because he found that the defendant was factually innocent . . . ." In any event, the court concluded that "a distinction between defendants found factually innocent after trial by court or jury, and on the other hand defendants who receive the benefit of a dismissal by reason of insufficiency of evidence, to [even] go to trial, would be a distinction that would not be meritorious in terms of equal protection arguments, based upon classifications." On this basis, the motion in *Ballinger* was denied. The motion in *Glimps* was also denied, though no appearance was made in her behalf since the court thought it appropriate to "give the defendant Glimps the benefit of the same thoughts that have been presented to the Court by counsel, and the benefit of the same conclusion reached by the Court, notwithstanding the defendant's nonappearance."

The People timely served[2] and filed their notice of appeal in each case. Thereafter, pursuant to rule 184 of the California Rules of Court, the People filed their proposed statement on appeal, setting forth contentions as follows: (1) "Penal Code section 851.8, which provides for record sealing in cases where there is an acquittal and it appears to the judge presiding at trial that the defendant was factually innocent, does not authorize sealing of records in cases where the charge is dismissed"; (2) "such limitation on record sealing does not violate equal protection of the law"; and (3) "Penal Code section 851.8 does not apply retroactively to cases disposed of prior to the effective date of the statute, January 1, 1976."

Respondent Ballinger has controverted all of the People's contentions. Respondent Glimps has not appeared in relation to either the motion or the appeal, so no contentions have been asserted in her behalf.

*Discussion*

*Summary*

The plain language and the legislative history of Penal Code section 851.8 make it clear that it does not empower the court to seal records in matters which have been simply dismissed pursuant to section 1385 of the Penal Code. So construed, section 851.8 does not deny equal protection.

---

[2]The notice in each case was served upon counsel by mail. Glimps' counsel was ascertained by unsealing the file for such purpose only.

Consequently, it is unnecessary to decide whether section 851.8 applies retroactively to dispositions made prior to its effective date.

A sealing order made without legislative authority is in excess of the court's jurisdiction. When this fact appears from the record, it is void and must be set aside on motion at any time after its entry by the court which made the order. Therefore, the order denying the motion in *Ballinger* must be reversed. The same result must be reached in *Glimps* since, though a motion with notice is appropriate in the case of a void judgment, notice to the adverse party is not essential; the court has full power to vacate a void order without any application on the part of anyone.

*Penal Code Section 851.8 Does Not*
*Authorize the Sealing of Records Upon*
*Dismissal Pursuant to Penal Code Section 1385*

■ The language of section 851.8 is unambiguous. Two specific requirements are imposed: (1) there must have been an acquittal, and (2) it must appear to the judge "presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of the charge." It is clear that acquittal is one condition of such relief but that not all acquittals justify sealing. Thus, acquittals for technical reasons[3] usually will not justify sealing. Even an acquittal on the merits, which "is merely an adjudication that the proof at the prior proceeding was not sufficient to overcome all reasonable doubt of the guilt of the accused" (*People* v. *Griffin* (1963) 60 Cal.2d 182, 191 [32 Cal.Rptr. 24, 383 P.2d 432]) does not suffice. Some judge, who by reason of having presided at a trial on the merits is in a position to do so, must have determined "that the defendant was factually innocent of the charge" (Pen. Code, § 851.8). The Legislature thus recognized that the requirement of proof beyond a reasonable doubt often results that defendants, who are not factually innocent, are acquitted. It sought by section 851.8, however, to benefit those defendants who, after presentation of evidence, were found not to have committed a crime.

---

[3]For example, Penal Code section 1021 provides that in case of acquittal on the ground of variance between the accusatory pleading and the proof, the defendant may be retried for the offense shown by the proof. Penal Code sections 1099 and 1101 provide for the discharge of a defendant on "application of the prosecuting attorney" so "that he may be a witness for the people" (§ 1099) which shall be "an acquittal of the defendant discharged" (§ 1101), barring further prosecution for the same offense. Such technical acquittals obviously are predicated on grounds totally unrelated to innocence.

The legislative history of the enactment of Penal Code section 851.8 confirms the clear meaning of its language. That history is stated by our Supreme Court in its opinion in *Loder* v. *Municipal Court* (1976) 17 Cal.3d 859, 876, in footnote 21 [132 Cal.Rptr. 464, 553 P.2d 624], where the court said: "As introduced on January 28, 1975, the bill which ultimately enacted Penal Code section 851.8 (Sen. Bill No. 299, § 1) provided for mandatory sealing of arrest records in all cases in which the defendant was released without charge for insufficient evidence, or the charge was dismissed—i.e., for any reason—without a conviction, or he was acquitted. An amendment to the bill on May 12, 1975, however, conditioned such relief on specific findings by the court that the interests of justice require sealing and there is not a preponderance of evidence establishing the defendant's guilt. Finally, an amendment to the bill on May 29, 1975, deleted the foregoing provisions in their entirety and substituted the present scheme of permitting sealing only in cases in which the defendant is acquitted and it appears to the judge that he was 'factually innocent.' "

Such history demonstrates conclusively that "factually innocent" as used in the section does not mean a lack of proof of guilt beyond a reasonable doubt or even by "a preponderance of evidence." (*Ibid.*)

Such history, likewise, makes it crystal clear that, as enacted, the section was not intended to ·cover a situation in which "the charge was dismissed—i.e., for any reason—without a conviction." (*Ibid.*) Consequently, in *Loder,* our Supreme Court concluded that the Legislature had deliberately omitted dismissals " 'for lack of prosecution' " from the coverage of section 851.8. (*Id.,* at p. 876.) We similarly conclude that the Legislature deliberately omitted dismissals "in furtherance of justice" pursuant to Penal Code section 1385.

*Equal Protection Does Not Require Extending*
*the Benefits of Section 851.8 to Defendants*
*Who Are Dismissed in Furtherance of Justice*

■ As construed above, section 851.8 creates a classification of defendants charged with crime who not only are not shown beyond a reasonable doubt to have committed such crime but who also are found by a trial judge having heard evidence bearing thereon to be "factually innocent." It is difficult to conceive of a class of defendants who would more logically merit the benefits provided· by section 851.8, as compared to a larger class of defendants who are simply not shown, beyond a reasonable doubt, to be guilty or as to whom a dismissal may be

appropriate "in furtherance of justice," pursuant to Penal Code section 1385. The defendant judged "factually innocent" patently is more deserving of having his record sealed. This was acknowledged by our Supreme Court in *Loder* when it said (17 Cal.3d at p. 876): "We are mindful that some gaps in the structure may still appear. Thus plaintiff contends that the absence of a provision for expungement in his case is just such an oversight. But legislative history strongly suggests the omission was deliberate. In these circumstances we should defer to the implied determination of the lawmakers that the compelling state interests identified hereinabove outweigh the speculative significance of a dismissal 'for lack of prosecution,' a disposition which may be predicated on many grounds other than factual innocence. [Fn. omitted.]"

Though it is true that at that point in its discussion the court was considering the requirements of due process and of our constitutional right of privacy, it is apparent that the court also had in mind Loder's claim to equal protection.[4] Consequently, the statement contrasting "the speculative significance of a dismissal 'for lack of prosecution,' a disposition which may be predicated on many grounds other than factual innocence" (*ibid.*) with the significance of a finding of "factual innocence" can only be construed as a holding that though the classification affects "fundamental interests," there has been a showing of "a compelling interest which justifies the law and that the distinction is necessary to further that purpose." (*In re Gary W.* (1971) 5 Cal.3d 296, 306 [96 Cal.Rptr. 1, 486 P.2d 1201].)

A dismissal "in furtherance of justice" pursuant to Penal Code section 1385 (like a dismissal for lack of prosecution) is also "a disposition which may be predicated on many grounds other than factual innocence." (*Loder* v. *Municipal Court, supra,* 17 Cal.3d at p. 876.) Such dismissals are routinely employed in a multitude of situations, most of which do not entail "factual innocence"; for example, dismissals: (1) of some of multiple counts "to effectuate plea bargains arranged between the People and the defense and approved by the court" (*People* v. *Orin* (1975) 13 Cal.3d 937, 946 [120 Cal.Rptr. 65, 533 P.2d 193]); (2) "to enable the prosecution 'to obtain further witnesses, to add additional defendants, to plead new facts, or to plead new offenses . . . .'" (*ibid.*); (3) to avoid harassment by a retrial of a defendant who has already served an appropriate period of incarceration awaiting trial, "notwithstanding the

---

[4]On page 871, in footnote 12, the court rejected an equal protection claim in plaintiff's behalf based on the fact that juvenile records may be sealed, noting " 'There is nothing arbitrary or capricious in affording persons treated as juveniles the right to have records sealed and denying that right to persons treated as adults.' "

fact that there is sufficient evidence of guilt . . . ." (*People* v. *Superior Court* (1968) 69 Cal.2d 491, 504 [72 Cal.Rptr. 330, 446 P.2d 138]); (4) where vital evidence of defendant's guilt is required to be excluded (*People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 185 [114 Cal.Rptr. 815]); (5) where "the only possible result of a conviction . . . would be a concurrent sentence" which would cause "such a nominal increase in penalty [that] no purpose other than to harass defendant" would be served (*People* v. *Superior Court* (1971) 20 Cal.App.3d 684, 687 [97 Cal.Rptr. 886]). Consequently, a dismissal pursuant to section 1385 "in furtherance of justice" is totally noncommittal with respect to the issue of innocence. In recognition of this, Penal Code section 1387 expressly provides that in felony cases, such a dismissal does not bar further prosecution unless repeated and even then, further prosecution may be allowed based upon discovery of substantial new evidence.

The records of the dismissals in the cases at bench contain nothing to suggest factual innocence. In the case of *Ballinger*, though the form had a space to check for "Insufficient Evidence," no such check appears. The only thing that is clear is that the dismissal was not on the basis that the victim had received satisfaction by civil remedy. In the case of *Glimps*, apart from indicating that the dismissal was pursuant to section 1385 of the Penal Code, the record shows only that it was on application of the city attorney. It further shows, however, that defendant was obliged to pay costs of $50 which were recorded as a "Fine $50 paid," an action scarcely consistent with an assumption of innocence. As against these defendants, it is clear that there is no denial of equal protection in withholding relief under Penal Code section 851.8 while granting it to acquitted defendants found "factually innocent."

We, therefore, conclude that the original orders sealing the records in both cases were unauthorized by Penal Code section 851.8, whether or not said section applied retroactively to acquittals made prior to its effective date.[5]

*The Orders Denying the*
*Motions to Vacate the Sealing*
*Orders Must Be Reversed*

The foregoing demonstrates that there was no statutory authorization for the orders sealing defendants' records. ■ In the case of *Ballinger*,

---

[5]In *People* v. *White* (1978) 77 Cal.App.3d Supp. 17 [144 Cal.Rptr. 128], such retroactive application was given to the section in a case in which the original trial judge who had acquitted the defendant was available and made the required finding that the defendant "was factually innocent of the charges." (*Id.*, at p. 19.)

the record shows on its face that he was not acquitted, that there was no trial at which evidence was presented from which his factual innocence could be found and no basis even to assume that insufficiency of the evidence was involved. The same is true in *Glimps.* Again, there was no acquittal, and there was no trial at which evidence establishing "factual innocence" could be presented. The dismissal at the request of the prosecutor was, moreover, made on conditions negating any assumption of innocence. The purported finding by the judge sealing the record that "[d]efendant is adjudged factually innocent" cannot be the determination contemplated by section 851.8. The judge who made that purported finding was not the same judge as the one who entered the dismissal, and he had no competent evidence before him upon which to make any such finding.

The conclusion is, therefore, inescapable that both orders sealing the record were in excess of jurisdiction and void. (*Michel* v. *Williams* (1936) 13 Cal.App.2d 198, 199 [56 P.2d 546].)

As orders which were void on their face, the sealing orders were subject to being set aside at any time by the court which rendered them. As our Supreme Court said in *People* v. *Davis* (1904) 143 Cal. 673, 675-676 [77 P. 651]: "The power of a court to vacate a judgment or order void upon its face is not extinguished by a lapse of time, but may be exercised whenever the matter is brought to the attention of the court. *While a motion for such action on the part of the court is entirely appropriate, neither motion nor notice to an adverse party is essential.* The court has full power to take such action on its own motion and without any application on the part of any one. (*Kreiss* v. *Hotaling*, 96 Cal. 617, 622.)" (Italics added.) (See also *Hayashi* v. *Lorenz* (1954) 42 Cal.2d 848, 851 [271 P.2d 18].)

In view of the rule above stated, the fact that the People allowed the time to appeal to pass is irrelevant. Likewise irrelevant is the fact that the notice given to defendant Glimps of the motion to vacate appears to have been inadequate.[6] Moreover, defendant Glimps has been given due notice of the appeal which was served by mail upon the attorney who represented her in the original motion to seal.

[6]Service upon the clerk of the court in purported compliance with Code of Civil Procedure section 1011 does not appear to be authorized in criminal cases. That section appears in part II of the code which is entitled "Civil Actions." Though the Penal Code by express incorporation makes applicable various provisions of the Code of Civil Procedure, there is no reference therein to Code of Civil Procedure section 1011. (Cf. *Gonzales* v. *Superior Court* (1935) 3 Cal.2d 260, 263 [44 P.2d 320].)

The refusal of the trial court to vacate its void prior order sealing the record calls for a reversal. In *Luckenbach* v. *Krempel* (1922) 188 Cal. 175, 176-177 [204 P. 591], our Supreme Court said: "A judgment or order which is void on the face of the record thereof may be set aside at any time by the court that made it, on the ground that it is void. (*People* v. *Davis,* 143 Cal. 675 [77 Pac. 651]; *Wharton* v. *Harlan,* 68 Cal. 422 [9 Pac. 727]; *People* v. *Greene,* 74 Cal. 400-405 [5 Am.St.Rep. 448, 16 Pac. 197].) If the court refuses to vacate such an order on motion, it being an order made after judgment, the party aggrieved may appeal and have the order reviewed and reversed."

The orders appealed from are reversed and the cause is remanded to the trial court with directions to enter new orders granting the People's motions in both cases.

Klein, P. J., and Allport, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 19, 1979. Newman, J., was of the opinion that the petition should be granted.