Opinion
CHAPMAN, P. J.

Statement of the Case.

Defendant, Catherine Pogre was charged in the Municipal Court, Santa Clara County Judicial District with a violation of Penal Code section 647, subdivision (b), which provides: “Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: ...(b) Who solicits ... or who engages in any act of prostitution____As used in this subdivision, ‘prostitution’ includes any lewd act between persons for money or other consideration.” She was also charged with having suffered a prior conviction for the same offense.
A jury trial was conducted commencing on May 13, 1985, and on May 15, 1985, the prosecutor rested. The court thereupon granted defendant’s motion for a judgment of acquittal pursuant to Penal Code section 1118.1, which provides: “In a case tried before a jury, the court on motion of the defendant... at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading *Supp. 4 if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal.”
Thereafter, on June 12, 1985, the defendant moved to seal all records of the arrest and prosecution pursuant to Penal Code section 851.8, subdivision (e).[1] Without hearing any additional evidence, and apparently basing its decision on the trial record, the trial court granted the motion and ordered aU records of the arrest and prosecution to be sealed. The district attorney appeals this order.[2]
The issues on appeal were briefed by the parties, and oral arguments were heard on May 1,1986. The matter was thereupon ordered submitted for decision. Thereafter, upon consideration of the briefs, we noted that the defendant takes the position that the trial court’s decision was based on its assessment of the evidence presented at the trial, and that the prosecutor had not presented this court with a transcript of the trial. Therefore, we set aside our order submitting the matter and ordered the record augmented to include the trial transcript. We have reviewed that transcript, and set forth herein our understanding of the evidence adduced at the trial, and again ordered the matter submitted for decision.

*Supp. 5
Statement of Facts.

Officer George, of the San Jose Police Department, was assigned to the vice unit to investigate escort agencies dealing in prostitution. On February 13, 1984, Officer George responded to an advertisement in the yellow pages of the phone book advertising a service called the “Empress Escorts.”
In preparation Officer George went to the EZ-8 Motel and reserved two adjoining rooms. Officer George planned to use one room supported by a radio transmitter, and to have back-up officers in the other. He then made a telephone call to Empress Escorts. A female answered the phone and informed him that the escort services would cost $160 per hour, and asked the caller his name and address. The female ended the conversation by saying someone would call shortly.[3]
A few minutes later, another female called and asked directions to the motel. She gave her name as Melissa, and gave a description of herself. Forty minutes later the second female called again and said her car had broken down. Officer George then drove an undercover police car to pick her up. He identified defendant, Catherine Lynn Pogre, as the person he picked up and drove back to his motel.
The defendant, Catherine Lynn Pogre, is a lawyer with a prior conviction for soliciting an act of prostitution.
Once in the room defendant asked Officer George for some identification. He showed her a card without a picture. She then demanded to see an identification card with a picture. Officer George refused, saying it would give her the means for blackmail. She continued to demand to see an identification with a picture. He again refused and asked her to leave.
At the door defendant said she knew he was not a cop, but that he was acting like one. He invited her back in to talk about it. When he closed the door she asked him for the $ 160 cash, which he gave her in city funds. Defendant then told Officer George to take his clothes off, because cops did not like to take their clothes off. Officer George then went into the bathroom, took his clothes off, wrapped a towel around himself and came out. At this point he found defendant on the telephone and heard her say: “Yes, he has I.D.” Defendant then took her clothes off.
*Supp. 6 Officer George asked defendant what she did best. She responded by saying: “Whatever you like.” or “What do you like best?” Officer George then asked defendant what she didn’t like to do. She then asked him the same question. He said: “Well, I would like to get laid.” Officer George added that he may have said he wanted sexual intercourse. The defendant said: “O.K., give me a hug,” and walked toward him with her arms open.
At this point Officer George gave his cover signal, and the other officers entered and identified themselves as police. Defendant thereupon yelled: “You mother fucker!” and ran toward Officer George, trying to hit and kick him. Defendant was then arrested.
After the arrest they took defendant’s picture in the nude, and searched her belongings. In her purse they found the $ 160 in city funds, a condom, a pager, and a credit card printer.
The district attorney rested on this evidence, and it was on this evidence that the trial court granted defendant’s motion pursuant to Penal Code section 1118.1, and ordered the clerk of the court to enter a judgment of acquittal. And it was on this evidence, apparently, that the trial court later found defendant to be factually innocent of the charge.

Statement of Law.

Defendant contends that the trial court’s decision in this matter is binding on the Court of Appeal, and that a judgment of acquittal justifies the trial court in ordering the record to be sealed. Defendant further contends that the procedures, and burdens of proof set forth in section 851.8, subdivision (b) are inapplicable in such a case. We disagree as to each contention.
Defendant does not have a constitutional right to have the record sealed. Whatever his right, it is based entirely on statute. (Loder v. Municipal Court (1976) 17 Cal.3d 859 [132 Cal.Rptr. 464, 553 P.2d 624].) The Loder court lists the many reasons why public interests are served by maintaining accurate records of arrests and prosecutions, (id. at pp. 864-868) and concludes, on page 868: “Taken together, the multiple purposes for which police, prosecutors, courts and probation and parole authorities may consult records of arrests not resulting in conviction thus constitute a substantial governmental interest.”
Penal Code section 851.8, subdivision (e), relied upon by the trial court, authorizes relief whenever a person is acquitted of a charge only when it appears to the trial judge that the defendant was factually innocent of the charge brought to trial. The procedures for determining whether defendant *Supp. 7 is factually innocent are set forth in section 851.8, subdivision (b). Despite defendant’s contention to the contrary, given the substantial governmental interest involved, as discussed in Loder v. Municipal Court, supra, 17 Cal.3d 859, we believe a statute setting forth a uniform procedure, and apportioning the burden of proof, to be most desirable. Section 851.8, subdivision (b) provides that the determination of factual innocence is not to be determined on the trial record alone, but the trial judge may also consider declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant and reliable. Furthermore, the statute specifically provides that evidence which might otherwise be considered illegally seized and subject to suppression under Penal Code section 1538.5 is admissible on the issue of factual innocence. In our opinion, evidence excised from the police reports as a sanction for destruction of the tapes, should likewise have been admissible on the issue of factual innocence. In any event, the statutory procedure set forth in section 851.8, subdivision (b) is well designed to present the issue in an orderly manner.
The statute, and case law, leave no room for a conclusion that an acquittal, per se, entitles the accused to have the record sealed. In People v. Glimps (1979) 92 Cal.App.3d 315, 321-322 [155 Cal.Rptr. 230], the court said: “The language of section 851.8 is unambiguous. Two specific requirements are imposed: (1) there must have been an acquittal, and (2) it must appear to the judge ‘presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of the charge.’ It is clear that acquittal is one condition of such relief but that not all acquittals justify sealing. Thus, acquittals for technical reasons usually will not justify sealing. Even an acquittal on the merits, which is ‘merely an adjudication that the proof at the prior proceeding was not sufficient to overcome all reasonable doubt of the guilt of the accused’ ... does nót suffice.... The Legislature thus recognized that the requirement of proof beyond a reasonable doubt often results that defendants, who are not factually innocent, are acquitted. It sought by section 851.8, however, to benefit those defendants who, after presentation of evidence, were found not to have committed a crime.... [If] Such history demonstrates conclusively that ‘factually innocent’ as used in the section does not mean a lack of proof of guilt beyond a reasonable doubt or even by ‘a preponderance of evidence.’ ” (Italics added, and citation omitted.)
We believe that an acquittal based on a defense of entrapment is the equivalent of an “acquittal for technical reasons.” The defense of entrapment is available to a defendant who is otherwise guilty. Entrapment is a defense, not because the defendant is innocent but because it is a lesser evil that some criminals should escape than that the government should play an ignoble part. People v. Benford (1959) 53 Cal.2d 1, 9 [345 P.2d 928]. It would be *Supp. 8 inappropriate to find that defendant has not committed a crime, and is therefore factually innocent, if in fact he is acquitted by reason of a defense of entrapment.
The court in People v. Glimps, supra, 92 Cal.App.3d 315, concluded, on page 321: “A sealing order made without legislative authority is in excess of the court’s jurisdiction. When this fact appears from the record, it is void and must be set aside on motion at any time after its entry by the court which made the order.”
In People v. Scott M. (1985) 167 Cal.App.3d 688, at pages 698-699 [213 Cal.Rptr. 456], the court said that a “jury’s verdict, which simply indicates that the prosecution did not prove the defendant’s guilt beyond a reasonable doubt, does not directly address whether he committed the charged offense ... it may, for example, have been based instead upon a failure of the prosecution to meet the reasonable doubt standard____The trial court does not ‘disagree’ with the jury’s verdict when it denies a section 851.8 petition. It refines that verdict by distinguishing between those cases where acquittal is based upon actual innocence and those where acquittal is based upon the prosecution’s failure of proof.”
People v. Scott M., supra, 167 Cal.App.3d 688, agrees with the statement in People v. Glimps, supra, 92 Cal.App.3d 315, which we emphasized herein-above. On pages 699-700 the Scott court said: “Section 851.8 is for the benefit of those defendants who have not committed a crime. It permits those petitioners who can show that the state should never have subjected them to the compulsion of the criminal law to purge the official records of any reference to such action____Hence, much more than a failure of the prosecution to convict is required in order to justify the sealing and destruction of records under section 851.8____If the Legislature had wanted to treat a verdict of acquittal as some sort of rebuttable presumption of factual innocence it could easily have so provided. Only in those cases where the defendant is actually innocent is the trial court justified in sealing and destroying a defendant’s arrest records.” (Italics added.)
In Scott M., supra, 167 Cal.App.3d 688, the Court of Appeal held that a trial court’s decision denying relief pursuant to section 851.8, should be upheld “if there exists some ‘rational ground for assuming the possibility that an offense has been committed and that the defendant is guilty of it.’ ” (Id. at p. 699.) In our case, of course, we determine whether there is any substantial evidence contradicted or uncontradicted which will support the finding by the trial court that defendant was factually innocent. (See People v. Reilly (1970) 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649]; Foreman *Supp. 9 & Clark Corp. v. Fallon (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362].)
The standard to be used in determining factual innocence is set forth in the statute. Section 851.8, subdivision (b) provides: “A finding of factual innocence ... shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense. . . .” Reasonable cause has been defined as “that state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.” (People v. Scott M. (1985) 167 Cal.App.3d 688, 699 [213 Cal.Rptr. 456].) It is against this standard that we examine the facts to determine if the trial judge’s order is supported by substantial evidence.
It goes without saying that the trial court has broad discretion to determine whether the standard required by section 851.8 has been met. In discussing judicial discretion the Supreme Court has said: “... discretion, however, is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.” (People v. Warner (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237].) Such discretion is abused when an order “ ‘exceeds the bounds of reason, all the circumstances being considered.’ ” (Ibid.).
We believe the facts speak for themselves. The advertisement in the yellow pages constituted a solicitation, the conduct and utterances of the defendant gave dimension and meaning to the solicitation. The word solicit means, among other things, “to tempt or entice someone to do wrong.” (Webster’s New World Dict. (2d College Ed.).) We believe that a man of ordinary care and prudence would have been led to believe and conscientiously entertain an honest and strong suspicion that the defendant was there to commit an act of prostitution, i.e., sex for money, and was by both word and deed doing her best to solicit such an act, while at the same time taking care that she was not dealing with an undercover police officer, and presumably laying the foundation for a defense of entrapment in the event he was a police officer. Had there been consummation, no one could have doubted that an act of prostitution had occurred. Defendant is not entitled to the protection of a statute designed to protect those who have not committed a crime.
We find that the record, as we have reviewed it, does not support the trial court’s finding of factual innocence. Certainly our task in reviewing the trial court’s ruling in this case would have been greatly simplified had the trial *Supp. 10 court made a statement of the reasons for its conclusions. In the case of In re Podesto (1976) 15 Cal.3d 921 [127 Cal.Rptr. 97, 544 P.2d 1297], the Supreme Court observed that appellate courts frequently have difficulty in ascertaining whether a trial court’s ruling has focused on appropriate criteria, because the trial court has not been required to articulate the grounds upon which it has relied. The court said on page 926: “In recent years, our court has had occasion to emphasize in a wide variety of contexts that governmental decisions which affect important individual interests should be accompanied by at least a brief statement of reasons explaining the basis for such decision.” [Citations omitted.] We believe such a brief statement is equally desirable where important governmental interests are at stake.
In the present case a short statement might have revealed that it was based on a conclusion by the trial court that none of the police testimony was credible, that the entire case was made up out of whole cloth. We think this is so unlikely as to be unreasonable. It is also possible that such a statement might have pointed to facts not evident to us in our review of the record. We think this too, to be unlikely in this case. It is more likely that the trial court based its order on an erroneous conclusion that the facts did not support an inference of solicitation to prostitution, or even more likely on an incorrect assumption that a defendant should be considered factually innocent if she was entrapped, or perhaps simply a mistaken conclusion that anyone acquitted was entitled to have the record sealed as a matter of law. In any event a brief statement would have greatly facilitated our decision.
The order of the trial court sealing the record pursuant to Penal Code section 851.8 is reversed. The case is remanded to the trial court with instructions to reinstate all records, and to so notify each of the agencies who received notice of its previous order.
Bonney, J., and Brown, J., concurred.

The subdivision provides: “Whenever any person is acquitted of a charge and it appears to the judge presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of such charge, the judge may grant the relief provided in subdivision (b).” Subdivision (b) in turn provides: “... [A] petition may be made to the municipal or justice court which would have had territorial jurisdiction over the matter. A copy of such petition shall be served on the district attorney of the county having jurisdiction over the offense at least 10 days prior to the hearing thereon. The district attorney may present evidence to the court at such hearing. Notwithstanding Section 1538.5 or 1539, any judicial determination of factual innocence made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant and reliable. A finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. If the court finds that this showing of no reasonable cause has been made by the petitioner, then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner committed the offense for which the arrest was made. If the court finds the arrestee to be factually innocent of the charges for which the arrest was made, then the court shall order the law enforcement agency having jurisdiction over the offense, the Department of Justice, and any law enforcement agency which arrested the petitioner ... to seal their records____”

People v. White (1978) 77 Cal.App.3d Supp. 17 [144 Cal.Rptr. 128], holds that an order sealing a record pursuant to Penal Code section 851.8 is appealable as an order made after judgment affecting the substantial rights of of the People.

Apparently the conversations referred to by police witnesses were tape recorded. The tapes were no longer available by the time discovery motions were made in the trial court. As a sanction the trial court ordered that all references to such dialogue be excised from the police reports, and that the police witnesses to the conversations could not refer to any such reports to refresh their memory of the conversations. Therefore, the testimony of the officers was based on their best recollection without reference to their reports.