[No. B160159. Second Dist., Div. Two. Apr. 3, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS CHAGOYAN, Defendant and Appellant.

### COUNSEL

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, William T. Harter and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**DOI TODD, J.**—Luis Chagoyan appeals the denial of his motion pursuant to Penal Code section 851.8[1] for a finding of factual innocence and for the sealing and destruction of his arrest record, after the dismissal of a case in which he was charged with two Health and Safety Code violations. He contends that the trial court abused its discretion in denying his motion without conducting an evidentiary hearing. We agree and reverse.

### PROCEDURAL BACKGROUND

Appellant was charged by information with the sale or transportation of cocaine and with possession for sale of cocaine (Health & Saf. Code, §§ 11352, subd. (a), 11351). The offenses were alleged to have occurred in March 2001. When the matter was called for trial, the prosecutor informed the trial court that he was unable to proceed, stating, "We have problems with our witness[es]. We're not going to be able to get them into court." He acknowledged that he would not be ready the next day, the last day on which the matter could be brought to trial, and the trial court dismissed the charges.

---

[1] Unless otherwise specified, all further statutory references are to the Penal Code.

Appellant subsequently filed a motion for a finding of factual innocence and for the sealing and destruction of his arrest record, for sanctions, and for the disclosure of evidence under *Brady v. Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (*Brady*). In the written motion, defense counsel stated, "Defendant in this case was framed by corrupt officers Sam Martin and William Ferguson, while employed as security guards, for a crime he did not commit. This case was dismissed by the prosecution after interviewing another security guard, Nelson Castillo, who told the Deputy District Attorney that Ferguson had, in fact, falsely reported the incident to [the Los Angeles Police Department]. [¶] . . . [¶] Here, Defendant was framed, by corrupt officers, for a crime he did not commit and the District Attorney is in possession of materials which establish Defendant's innocence."

Appended to appellant's motion was a June 2000 letter from the district attorney's office to appellant's counsel regarding another client. The letter stated that Ferguson had been dismissed from the police department and that the district attorney's office had filed a petition for writ of habeas corpus to overturn several convictions in which Ferguson had been involved because it had "lost faith" in these convictions. Also appended to appellant's motion were exhibits concerning Ferguson's falsification of police reports and testimony, as well as other acts of misconduct while he was a Los Angeles police officer. The motion stated that Ferguson had engaged in juvenile delinquent behavior including acts of moral turpitude and requested that the court take judicial notice of a juvenile court file with a sustained petition, as well as of a municipal court file showing Ferguson's conviction of attempted auto burglary. The motion asked the court to order the district attorney to disclose all *Brady* evidence regarding Ferguson and Martin and all *Brady* evidence relating to appellant's case, and asked the court to grant appellant's request for a finding of factual innocence, "either pursuant to Penal Code section 851.8, or as a sanction for the ongoing *Brady* violation." In the alternative, the motion asked that the court "order an evidentiary hearing on the issue and order the prosecution to disclose all *Brady* materials fully and promptly."

The prosecutor opposed the motion. In his written opposition, the prosecutor conceded that the case against appellant had been dismissed because evidence of the incident leading to the arrest had been falsely reported to the police department, but stated, "The fact that the crime report was false in one or more respects, however, does not establish that [appellant] is innocent. It merely causes a lack of confidence in his guilt, making a criminal prosecution inappropriate. [Appellant's] moving papers fail to specify in what respect the report was false. More importantly, the moving papers fail to give [appellant's] version of the incident or to assert that he did not commit

the charged offense. . . . The motion is accompanied only by documents alleging that the arresting officers were guilty of misconduct on other occasions with other arrestees. Assuming the allegations of misconduct by the officers on other occasions are true, and even assuming that the report leading to [appellant's] arrest is false in some respect, that does not prove [appellant] is factually innocent in this case."

At the hearing on the motion, appellant's appointed counsel noted that appellant was not present but was available, and argued, "As to [appellant], I also think that there's enough to simply grant the motion today. To contrast [the other individual's] case, in [appellant's case] the district attorney's office is in possession of evidence that relates to [appellant's] case, specifically the reasons why they dismissed it. It was my understanding—and I put this into a motion for factual innocence—that in [appellant's case], that the deputy district attorney in your court . . . interviewed a percipient witness, and at the conclusion of that interview—but I can't speak for him—presumably concluded that the case could not be proven, that portions of the arrest report were fabricated, not by the arresting officers—they simply wrote down what they were told—but by the percipient officer which was a security guard, a former L.A.P.D. Officer Ferguson, and concluded that the case couldn't be proven, or may have concluded [appellant] was innocent and then dismissed the case."

Defense counsel continued, "We think that a hearing on both of these motions—again, [appellant] is available, would love to testify, we would love to present evidence to the court that, he is, in fact, innocent. In [appellant's case], we also have a security guard that will testify that [appellant] is, in fact, innocent. . . . [¶] I think the real question becomes then if the People are going to contest it, they're going to say, 'No, [appellant] is guilty and [the other individual] is guilty'—"

The trial court interjected that whether appellant or the other individual was guilty was "not the standard." Defense counsel replied, "Okay. Well, the point is that they're innocent. And if the People's position is they're not innocent . . . then I assume they would be relying on the police reports or the officer witnesses, in which case we're entitled to impeach them and impeach them we would with the evidence that we already have. And if the court is going to conduct a hearing, I would submit that the court should order all discovery, all *Brady* discovery clearly, and litigate the issue. If the court wants to determine whether or not these people are innocent, a hearing is the only place we can do it, other than, you know, what we've attempted to do now."

---

[2]Defense counsel argued a similar motion on behalf of another individual at the same time.

The prosecutor argued that counsel's motions were "a rather thinly veiled attempt by the Alternate Public Defender to litigate issues that have nothing whatsoever to do with the factual issues [*sic*] motions related to alleged *Brady* violations. The entire thrust of those motions deals with those types of allegations and has absolutely nothing to do with whether or not there is a strong suspicion that these offenses were committed by either of these individuals . . . ."

The trial court denied appellant's motion, stating, "You know, I have some serious questions as to why the Alternate Public Defender is pursuing these motions. I tend to think it's kind [of] outside of the ambit of the duties of the Alternate Public Defender in defending persons charged with crimes. I mean, the cases have been dismissed. But more than that, I think the showing for declaration of factual innocence is entirely insufficient. I don't feel there's any need to conduct any hearing."

## DISCUSSION

■ Appellant contends that the trial court abused its discretion in summarily denying his motion without holding an evidentiary hearing. We agree.

■ The right to the sealing and destruction of arrest records and to a determination of factual innocence is statutory, governed by section 851.8. (*People v. Scott M.* (1985) 167 Cal.App.3d 688, 702 [213 Cal.Rptr. 456], disapproved on other grounds in *People v. Adair* (2003) 29 Cal.4th 895, 908, fn. 6 [129 Cal.Rptr.2d 799, 62 P.3d 45].) Subdivision (e) of that section sets forth the procedure to be followed when a person has been acquitted of a charge, while subdivision (c) governs the procedure to be followed where, as here, a person was arrested, an accusatory pleading was filed, and no conviction occurred.

Subdivision (c) of section 851.8 provides as follows: "In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court which dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made. A copy of such petition shall be served on the district attorney of the county in which the accusatory pleading was filed at least 10 days prior to the hearing on the petitioner's factual innocence. The district attorney may present evidence to the court at such hearing. Such hearing shall be conducted as provided in subdivision (b). If the court finds the petitioner to be factually innocent of the charges for which the arrest was made, then the court shall grant the relief as provided in subdivision (b)."

Subdivision (b) of section 851.8 provides, in pertinent part, "Notwithstanding Section 1538.5 or 1539 [pertaining to the suppression of evidence at trial], any judicial determination of factual innocence made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant and reliable. A finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. If the court finds that this showing of no reasonable cause has been made by the petitioner, then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner committed the offense for which the arrest was made. If the court finds the arrestee to be factually innocent of the charges for which the arrest was made, then the court shall order the law enforcement agency having jurisdiction over the offense, the Department of Justice, and any law enforcement agency which arrested the petitioner or participated in the arrest of the petitioner for an offense for which the petitioner has been found factually innocent under this section to seal their records of the arrest and the court order to seal and destroy such records, for three years from the date of the arrest and thereafter to destroy their records of the arrest and the court order to seal and destroy such records. . . ."

■■■ " '[Penal Code] section 851.8 is for the benefit of those defendants who have not committed a crime. It permits those petitioners who can show that the state should never have subjected them to the compulsion of the criminal law—because no objective factors justified official action—to purge the official records of any reference to such action. . . .' [Citation.] . . . Penal Code section 851.8, subdivision (b), specifically permits the court to receive all relevant evidence on the subject of factual innocence, notwithstanding Penal Code sections 1538.5 and 1539 (relating to the suppression of evidence for the purpose of trial). [Citation.] . . . [¶] In determining at a court hearing whether factual innocence exists, the arrestee bears the preliminary burden of establishing that 'no reasonable cause exists to believe that [he] committed the offense.' (Pen. Code, § 851.8, subd. (b).) The arrestee thus must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that the person arrested is guilty of the crimes charged. [Citation.] [¶] Establishing factual innocence, within the meaning of Penal Code section 851.8, entails establishing as a prima facie matter not

necessarily just that the arrestee had a viable substantive defense to the crime charged, but more fundamentally that there was no reasonable cause to arrest him in the first place." (*People v. Matthews* (1992) 7 Cal.App.4th 1052, 1056 [9 Cal.Rptr.2d 348].)

The Supreme Court recently held that the appropriate standard of review on appeal from a ruling under section 851.8 is de novo review, because "[t]he terms of section 851.8(b)—precluding a finding of factual innocence 'unless no reasonable cause exists'—impose an objective legal standard on both trial and appellate courts." (*People v. Adair, supra,* 29 Cal.4th at p. 908.) The Supreme Court pointed out that " ' "[f]actually innocent" as used in [section 851.8(b)] does not mean a lack of proof of guilt beyond a reasonable doubt or even by "a preponderance of evidence." [Citation.]' [Citation.] Defendants must 'show that the state should never have subjected them to the compulsion of the criminal law—because no objective factors justified official action . . . .' [Citation.] In sum, the record must exonerate, not merely raise a substantial question as to guilt. [Citation.]" (*Id.* at p. 909.)

Respondent argues that appellant failed to carry his burden of establishing, as a *prima facie* matter, that there was no reasonable cause to believe he committed the offenses, and that the trial court was not required to order "yet another hearing" in this matter. This argument is misdirected. Appellant cannot be said to have failed to carry his burden of exonerating himself when he was not permitted to submit his evidence on that issue. There is no requirement in section 851.8, subdivision (b) for a particular type of preliminary showing before testimony may be taken. The statute specifies that the trial court's determination "may be heard and determined upon declarations, affidavits, police reports, *or any other evidence submitted by the parties which is material, relevant and reliable.*" (Italics added.) Such evidence certainly encompasses live testimony by percipient witnesses. Even where the motion under section 851.8 follows an acquittal after a trial, "[s]ection 851.8, subdivision (b) provides that the determination of factual innocence is not to be determined on the trial record alone, but the trial judge may also consider declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant and reliable." (*People v. Pogre* (1986) 188 Cal.App.3d Supp. 1, 7, disapproved on other grounds in *People v. Adair, supra,* 29 Cal.4th at p. 908, fn. 6.)

Section 851.8, subdivision (b) states that the petitioner has the initial burden of proof "to show that no reasonable cause exists to believe that the arrestee committed the offense" for which he was arrested. Unlike other statutory schemes, this statute does not specify that the petitioner's showing must be made solely by documents or in his moving papers, as the

prosecutor argues.[3] The "initial burden of proof" referred to in subdivision (b) is not a condition for the introduction of additional evidence, but is the standard the petitioner must satisfy before the prosecution is required to make a contrary showing. To satisfy this burden of proof, the petitioner must be permitted to adduce his evidence.

It appears that the parties and the trial court may have been distracted by the concurrent request for disclosure of information under *Brady* that accompanied appellant's request for a hearing. Nonetheless, defense counsel's written motion averred that appellant had been arrested for a crime he did not commit. Counsel also appended to the written motion documents available to the defense supporting appellant's claim, and attempted to submit appellant's own testimony and the testimony of a security guard who would attest to appellant's innocence. Unlike declarations of trial jurors attesting to their belief in the defendant's innocence, which may properly be disregarded by the trial court in ruling on a section 851.8 motion (*People v. Scott M.*, *supra*, 167 Cal.App.3d at pp. 700-701), the testimony appellant sought to present would have constituted "material, relevant and reliable" evidence (§ 851.8, subd. (b)) on the issue of whether there was "reasonable cause to arrest him in the first place" (*People v. Matthews*, *supra*, 7 Cal.App.4th at p. 1056) or whether " ' "the state should never have subjected [him] to the compulsion of the criminal law—because no objective factors justified official action" ' " (*People v. Adair*, *supra*, 29 Cal.4th at p. 909).

A trial court must consider the material, relevant and reliable evidence a petitioner seeks to present before it can apply the requisite "objective legal standard" to determine whether reasonable cause exists to believe the petitioner committed the offense. (*People v. Adair*, *supra*, 29 Cal.4th at p. 908.) We conclude that the trial court erred in refusing to consider the proffered evidence. The matter will be remanded to permit appellant the opportunity to adduce his evidence before the trial court makes its determination on the motion for a finding of factual innocence and for sealing and destruction of records under section 851.8.[4]

---

[3]Section 851.8 thus differs, for example, from the procedure to be followed where a defendant seeks disclosure of confidential police personnel records (see *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]). That procedure is governed by a statutory scheme that specifies what the written motion must include and states that affidavits must be submitted establishing good cause before the matter may proceed to an in-chambers examination of records and possible disclosure. (Evid. Code, §§ 1043, 1045; *California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1019-1020 [101 Cal.Rptr.2d 379].)

[4]No *Brady* issue or issue regarding sanctions has been raised on appeal, and the remand is limited to the determination of factual innocence and the request for sealing and destruction of records under this section.

## DISPOSITION

The order under review is reversed and the matter is remanded for a hearing in accordance with the views expressed herein.

Boren, P. J., and Ashmann-Gerst, J., concurred.

On May 1, 2003, the opinion was modified to read as printed above.