Filed 10/12/17

**CERTIFIED FOR PARTIAL PUBLICATION\***

APPELLATE DIVISION OF SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF ORANGE

| | |
|---|---|
| THE PEOPLE, | CASE NO. 30-2016-00848579 |
| Plaintiff and Respondent, | (Super. Ct. No. 15NM00197) |
| vs. | OPINION |
| WILLIAM D. FITZGERALD, | |
| Defendant and Appellant. | |

Defendant William D. Fitzgerald appeals the trial court's order denying his petition to seal and destroy his arrest records, contending the trial court improperly denied his petition without holding an evidentiary hearing. He also argues that there was no evidence he had committed the crimes with which he was charged and the trial court was biased against him. In the published portion of this opinion, we find that a petition for record sealing after trial and acquittal under Penal Code section 851, subdivision (e) does not require an evidentiary hearing and that any error by the trial court for failing to hold a hearing was harmless. In the unpublished portion of this opinion, we find defendant failed to support his assertion that there was no evidence against him at trial; we also find the record does not show the trial court was biased against defendant. Accordingly, we affirm the trial court's denial of defendant's petition to seal and destroy his arrest records.

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of Parts I and II.

1

BACKGROUND

On January 15, 2015, the People filed a complaint against defendant for fighting in a public place and battery. The matter was tried and the jury found defendant not guilty on both counts.

On March 4, 2016, defendant filed a petition to seal and destroy his arrest records. The trial court heard the petition on March 24, 2016 and denied it.

DISCUSSION

I.  Defendant Failed To Support His Assertion That There Was No Evidence Against Him At Trial.

"On appeal, we must presume the trial court's judgment is correct. [Citation.] In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. [Citation.] [¶] It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. [Citation.] Thus, an appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails to do so, the argument is forfeited. [Citation.]" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

Defendant asserts there was "no realistic evidence" adduced at trial that he "had acted in any illegal manner." However, the record on appeal does not contain the trial transcript or any other record of what transpired at trial. Nor does defendant cite to any portion of the record in support of this assertion in his brief. Defendant requested this court to view trial exhibit 10, a cell phone recording of a portion of a city council meeting. However, the video does not show the incident at issue. It only appears to show what transpired during a brief period of time at the meeting prior to the incident. Because defendant failed to provide an adequate record or cite to the available record, he has forfeited his assertion on appeal that there was no evidence against him at trial.

II.  The Record Does Not Show That The Trial Court Was Biased Against Defendant.

" 'A fair trial in a fair tribunal is a basic requirement of due process.' [Citation.]

2

'The Supreme Court has long established that the Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge.' [Citation.]" (*People v. Freeman* (2010) 47 Cal.4th 993, 1000.) "[T]he United State Supreme Court's due process case law focuses on actual bias. This does not mean that actual bias must be proven to establish a due process violation. Rather, consistent with its concern that due process guarantees an impartial adjudicator, the court has focused on those circumstances where, even if actual bias is not demonstrated, the probability of bias on the part of a judge is so great as to become ' "constitutionally intolerable." ' [Citation.] The standard is an objective one." (*Id.* at p. 1001.)

Defendant contends the trial court exhibited bias against him at the hearing on his petition by refusing to allow his attorney to speak and setting an order to show cause for sanctions against the attorney. A review of the transcript of the hearing shows the trial court set the order to show cause because defendant's attorney made a representation in the petition, which he signed under penalty of perjury, that the criminal case against defendant had been dismissed. In response to questions by the trial court, however, defense counsel admitted he could not point to anywhere in the docket showing the case against defendant had been dismissed. The trial court then set the order to show cause re sanctions due to the apparently false statement in the petition. Given defense counsel's admission, the trial court's decision to set an order to show cause does not demonstrate bias.

As for defendant's assertion that the trial court did not allow his attorney to speak, the record belies that assertion. The transcript shows defense counsel asked to be heard and the trial court allowed him to speak. Defense counsel and the trial court then engaged in an exchange regarding the petition. In sum, the record does not show the trial court was biased against defendant.

III. Penal Code Section 851.8, Subdivision (e) Does Not Require an Evidentiary Hearing.

Defendant contends the trial court erred by failing to hold an evidentiary hearing on his petition. Although there is no case law setting forth a standard of review for this

3

specific claim, issues having to do with petitions for record sealing are reviewed de novo. (*People v. Adair* (2003) 29 Cal. 4th 895, 908.)

Penal Code section 851.8 -- the section controlling sealing and destruction of arrest records -- is not a model of clarity, but each subdivision has a different purpose. Subdivision (a) deals with sealing records when a person has been arrested and no accusatory pleading has been filed. Subdivision (b) deals with the procedure for holding a hearing and the relief available from the court. Subdivision (c) deals with sealing records when an accusatory pleading has been filed and the case is dismissed. Subdivision (d) deals with sealing records when both parties stipulate to the sealing. And subdivision (e) deals with sealing records when defendant has been tried and acquitted.

Defendant's claim that he was entitled to an evidentiary hearing fails because subdivision (e), the Penal Code section controlling petitions for record sealing after trial and acquittal, does not require an evidentiary hearing. Although defendant brought his petition based on subdivision (c) of section 851.8, it is clearly subdivision (e) that applies. We therefore analyze the petition as if it had been brought under subdivision (e). (See *Hudson v. Superior Court* (2017) 7 Cal. App. 5th 999, 1011 ["[t]he law respects form less than substance," and a court may treat a motion in accordance with the relief it seeks regardless of labels.].)[1]

Penal Code section 851, subdivision (e) provides: "Whenever any person is acquitted of a charge and it appears to the judge presiding at the trial at which the acquittal occurred that the defendant was factually innocent of the charge, the judge may grant the relief provided in subsection (b)." By its terms, this subdivision requires no evidentiary hearing. The only requirements for obtaining relief are (1) that a defendant is acquitted after a trial, and (2) that it appears to the presiding judge that the defendant is factually innocent. (See *People v. Glimps* (1979) 92 Cal. App. 3d 315, 322.) Although

---

[1] It may seem, at first blush, that subdivision (c) could apply to this case because there was an accusatory pleading filed and no conviction occurred, but that subdivision permits a sealing motion only "after dismissal of the action." Here, there was no dismissal because defendant was acquitted after trial.

the section references subdivision (b), it does not call for the procedures set forth in subdivision (b), but rather for the relief provided therein. In this regard, subdivision (e) is identical to subdivision (d), which permits the relief available in subdivision (b) without a hearing when both parties agree to it.

By contrast, subdivision (c) – applying to cases where an arrest is made and charges are brought but dismissed – expressly requires "a hearing . . . conducted as provided in subdivision (b)." The Legislature knew how to require a subdivision (b) hearing and, with respect to petitions to seal arrest records following an acquittal after trial, did not do so. This distinction is completely rational given that a judge who presided at the trial heard the evidence in the case and would be perfectly positioned to rule on a record sealing request without reference to outside sources and information.[2]

The only case to directly take up the issue of whether Section 851, subdivision (e) requires a hearing is *People v. Pogre* (1986) 188 Cal. App. 3d Supp. 1, a case from the appellate division of Santa Clara County. In *Pogre*, a local lawyer was charged with prostitution. The defendant relied upon the defense of entrapment and was acquitted after conclusion of the People's case-in-chief based on a motion pursuant to Penal Code section 1118.1. The defendant then moved to seal all records of the arrest and prosecution pursuant to Penal Code section 851.8, subdivision (e). Without stating any reasons for its decision, the trial court found the defendant factually innocent and ordered the police records sealed. The People appealed. On appeal, the defendant argued that the procedures set forth in subdivision (b) did not apply to a subdivision (e) case. The appellate division disagreed with that contention, stating "given the substantial governmental interest involved . . . we believe a statute setting forth a uniform procedure,

---

[2] Of course, the trial court, in its discretion, could choose to hold an evidentiary hearing. Indeed, section 851.8(b) expressly provides that "any judicial determination of factual innocence made pursuant to this section *may* be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant, and reliable." (emphasis added). The use of the permissive verb "may" indicates that such a hearing is not compulsory, and, as discussed above, section 851.8(e) does not require one.

and apportioning the burden of proof, to be most desirable." (*People v. Pogre, supra,* 188 Cal. App. 3d Supp. at p. 7.)

This court is not bound by *Pogre* and does not find it persuasive. While the procedures set forth in subdivision (b) may be a desirable way for a trial court to determine a record sealing motion, an appellate court is not a legislature and is not at liberty to mandate hearings where the lawmakers did not do so. Based on the plain language of section 851.8, subdivision (e) and the structure of section 851.8 as a whole, it is clear no hearing is required when a defendant seeks a finding of factual innocence after trial and acquittal.[3]

Given that an evidentiary hearing was not required by the statute, defendant is entitled to no relief due to the trial court's failure to hold one. The trial court was permitted to resolve defendant's petition, as it did, based on its own recollection of the evidence at trial.

IV.     Any Error by the Trial Court for Failing to Hold a Hearing Was Harmless.

Even if the trial court erred in failing to conduct an evidentiary hearing on defendant's petition, this error was harmless because the result of the petition would have been the same whether or not the trial court held a hearing.

The standard for proving factual innocence is extremely high. Section 851.8, subdivision (b) provides that a finding of factual innocence "shall not be made unless the

---

[3] Although not cited in either of the parties' briefs, this Court is aware of two other cases in which courts, in dictum, seemed to assume that section 851.8, subdivision (e) automatically requires a hearing. In *Adair*, the case establishing the de novo standard of review in record sealing cases, the Court introduces section 851.8 by quoting from subdivision (e) and asserting that "the trial court then holds a hearing" pursuant to subdivision (b). The Court goes on to devote the remainder of its lengthy discussion to the standard of proof. In *People v. Chagoyan* (2003) 107 Cal. App. 4th 810, 817, a case involving the hearing required under 851.8, subdivision (c), the court interjects that "even where the motion under section 851.8 follows an acquittal after a trial, section 851.8, subdivision (b) provides that the determination of factual innocence is not to be determined on the trial record alone . . . .". *Chagoyan* cites only *Pogre* for this proposition. Neither of these cases specifically addresses whether a hearing is required under 851.8, subdivision (e) and neither is binding on this court.

court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." As the Supreme Court in *Adair* put it, to establish factual innocence "[d]efendants must show that the state should never have subjected them to the compulsion of the criminal law – because no objective factors justified official action." (*People v. Adair, supra,* 29 Cal. 4th at p. 909.) Moreover, "the initial burden of proof [rests] with the petitioner . . . ." (Penal Code, § 851.8, subd. (b).)

From the findings of the trial court, it is apparent that, based on the trial evidence, defendant did not satisfy this burden of proof. In denying the motion, the trial court cited to the relevant standard and found:

> "Having sat through the trial, listened to the testimony of the witnesses called to the stand by both the People and the Defense, having viewed the two videos that were presented to the jury . . . the petitioner has failed to satisfy that legal burden here."

Later in the hearing, the trial court reiterated this point, finding the petition "deficient on substantive grounds." In doing so, the trial court again referred to the evidence at trial, stating:

> "I was the trial judge; I listened to all the testimony; I consider – I looked and reviewed all the evidence at the trial. I remember this case vividly and it is appropriate that this particular petition be before the trial judge if the petitioner is asking for a determination of innocence based on what was presented."

An evidentiary hearing would not have eliminated the inculpatory evidence presented at trial on which the trial court relied in denying the petition. At best, an evidentiary hearing could have added more (or contradictory) evidence, but it would not have obliterated the evidence the trial court found sufficient to establish that reasonable cause existed to permit defendant's arrest and that objective factors justified it.

Moreover, on the issue of factual innocence, the witnesses defendant wished to call would have added nothing pertinent to the evidence presented at trial. In his petition, defendant identified the following witnesses: William Fitzgerald (himself), Detective

7

Rafael Martins, Detective Michael McAlpine, and City Attorney John Anderson. Of these witnesses, only defendant had anything whatsoever to say about whether the battery occurred, and the trial court heard defendant's testimony at trial and reviewed defendant's declaration attached to the petition. The testimony of the other witnesses all had to do with defendant's grievances with the Anaheim City Council. According to defendant's petition, he proposed to call (1) Detective Martins to testify to his awareness of the videotape of the incident before charges were filed, (2) Detective McAlpine to testify to his refusal to arrest the "actual" assailants, and (3) Attorney Anderson to testify to his withholding of evidence (the videotape) and to his efforts to seek a restraining order against defendant at the behest of Anderson's political supporters. The testimony of these witnesses might be relevant to defendant's pending civil suit against the Anaheim City Council, but it was utterly irrelevant to the alleged assault itself and, thus, would not have added any information relevant to the trial court's determination of factual innocence.

In short, the trial court twice made clear she had heard and "vividly" recalled the evidence at trial. An evidentiary hearing would have added nothing to this evidence and any error in failing to hold one was harmless.

## DISPOSITION

The order denying defendant's petition to seal and destroy his arrest records is affirmed.

HOFFER, P. J.

We concur:

CASSIDY, J.

GOODING, J.

8

**Counsel for Appellant:**

N/A

Appellant William D. Fitzgerald, in pro per


**Counsel for Respondent:**

David O'Barr, Anaheim City Attorney


**Trial Court Judge:**

Beatriz M. Gordon, Judge


**Trial Court Case #:**

15NM00197


**Appellate Court Case #:**

30-2016-00848579