Filed 2/29/16  P. v. Burleson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JEFFREY T. BURLESON,<br><br>　　　Defendant and Appellant. | D068239<br><br><br>(Super. Ct. No. SCN290018) |

APPEAL from an order of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Patrick J. Hennessey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland, and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Jeffrey T. Burleson appeals from an order denying his Penal Code section 851.8[1] motion for a declaration of factual innocence. Burleson contends he successfully met his burden of establishing factual innocence. We disagree and affirm.

FACTUAL AND PROCEDURAL HISTORY

Burleson exhibited a shotgun in the presence of William Gruytch, and police arrested him. The district attorney charged Burleson with exhibition of a firearm under section 417, a misdemeanor, and assault with a firearm under section 245, subdivision (a)(2), a felony. At trial, both Burleson and Gruytch testified to conflicting versions of the events that gave rise to the charges.

A. *Gruytch's Testimony*

According to Gruytch, he went to Burleson's house to serve a subpoena on Erin Blanco, began to walk away, but heard the front door close behind him. When he turned around, he saw Burleson standing outside the door pointing a shotgun in his direction. Gruytch explained that he was a process server and had legal documents for Erin Blanco. Burleson became agitated, pointed his shotgun at Gruytch's face, and told him to "get the fuck off the property." Gruytch threw the legal papers down, left the scene, and called the police.

B. *Burleson's Testimony*

Burleson testified that at around 8:00 p.m. he heard knocking at the front door, which became increasingly louder. Aggravated, he went to the door, peered through the

---

1    All further statutory references are to the Penal Code unless otherwise noted.

2

peephole, and saw a stranger. Concerned for the safety of his family, Burleson attempted to call the police, but his cellphone did not work. Burleson retrieved a shotgun from his bedroom, placed some shotgun shells in his pocket, and told his wife and children to stay in the back of the house. He went to the front door and again asked who was there, but received no response. He looked through the peephole and saw Gruytch.

Burleson opened the door and stepped outside, pointing the shotgun barrel at the ground. Gruytch asked for Blanco, but Burleson denied knowing her and told Gruytch to leave or he would have him arrested for trespassing. After the men exchanged a few words, Gruytch dropped papers in front of Burleson and left. Although Burleson felt threatened by Gruytch, he denied pointing the shotgun in Gruytch's direction. He also claimed that Gruytch never identified himself as a process server.

### C. *Procedural History*

A jury convicted Burleson of improper exhibition of a firearm under section 417, but acquitted him of assault with a firearm. On appeal Burleson contended that the trial court should not have refused to instruct the jury on self-defense. We agreed, reversed the conviction for violation of section 417, and remanded the case to the trial court for further proceedings. (See *People v. Burleson* (Mar. 18, 2014, D063898 [nonpub. opn.].)

Upon remand, the district attorney dismissed the charges against Burleson "in the interest of justice" based primarily on his lack of a criminal record before and after his conviction. Thereafter, Burleson moved under section 851.8 for a finding of factual innocence. After a brief hearing in which no new evidence was presented, the court denied his motion. Burleson appeals the resulting order.

3

DISCUSSION

A. *The Legal Standard for Determining Factual Innocence*

"In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." (§ 851.8, subd. (c).) A judicial determination of factual innocence may be based upon declarations, affidavits, police reports, or any other material, relevant and reliable evidence. (§ 851.8, subd. (b).)

A finding of factual innocence is appropriate only if the court concludes that no "reasonable cause" existed to believe that the arrestee committed the offense charged (*People v. Adair* (2003) 29 Cal.4th 895, 904), i.e., that the state of facts would not have " 'lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person [was] guilty of a crime.' " (*People v. Rhinehart* (1973) 9 Cal.3d 139, 151, disapproved on another ground in *People v. Bolton* (1979) 23 Cal.3d 208, 213-214; *People v. Price* (1991) 1 Cal.4th 324, 410.) Sufficient evidence to establish probable cause will generally preclude a finding of factual innocence. (*People v. McCann* (2006) 141 Cal.App.4th 347, 358 [finding factual innocence for practicing medicine without a license where defendant had a valid medical license at the time in question].) The record must not simply question defendant's guilt, it must exonerate him. (*People v. Adair*, *supra*, 29 Cal.4th at pp. 905, 909.)

4

Even if a trier of fact ultimately determines that conflicting evidence evinces greater credibility than the evidence supporting probable cause, a finding of factual innocence cannot be sustained. (See, e.g., *People v. Scott M.* (1985) 167 Cal.App.3d 688, 698-699 [upholding a rejection of factual innocence following a not guilty jury verdict in a rape case with conflicting testimony between defendant and victim on issue of consent]; *People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1455-1456, 1458 [upholding a determination of no factual innocence despite magistrate's failure to hold defendant to answer in a child sexual abuse case because of questionable credibility of child victim]; see also *People v. Bleich* (2009) 178 Cal.App.4th 292, 303 [upholding a determination of no factual innocence despite magistrate's failure to bindover because of weakness of evidence of identity of perpetrator of terrorist threats].)

On appeal from an order denying a petition for factual innocence, appellate courts consider the issue de novo. (*People v. Adair*, *supra*, 29 Cal.4th at p. 905.)

B. *Exhibiting a Firearm in a Rude, Angry, or Threatening Manner*

Section 417, subdivision (2)(B), states: "Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner . . . is punishable as . . . a misdemeanor." Drawing or exhibiting a loaded or unloaded firearm does not require, as a matter of the crime's definition, an intent to harm, or a likelihood of harming, any person. "[I]t is a general intent crime that does not require an intent beyond that to do the proscribed act." (*People v. Hall* (2000) 83 Cal.App.4th 1084, 1092.) A person acts in self-defense where he actually and reasonably believes in the need to defend against an

5

imminent harm. (*People v. Stitely* (2005) 35 Cal.4th 514, 552.) " 'When the evidence shows the weapon was exhibited in a rude, angry or threatening manner, the offense is complete.' " (*Hall*, *supra*, at p. 1092.)

A defendant acts in self-defense if he reasonably believed he was in imminent danger of suffering bodily injury, believed that immediate use of force was necessary to defend against the danger, and used no more force than was reasonably necessary to defend against the danger. At trial, the prosecution has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. (CALCRIM 3470.)

### C. *Analysis*

Here Gruytch's testimony established reasonable cause that Burleson violated section 417, subdivision (a)(2). According to Gruytch, Burleson, while agitated, pointed a shotgun in his face and ordered him to "get the fuck off the property." This information established reasonable cause to believe that Burleson exhibited a firearm in a threatening manner that would cause a reasonable person to fear bodily harm in violation of section 417.3.

The fact that the district attorney dismissed the case against Burleson in the furtherance of justice is not dispositive on the issue of his factual innocence. (*People v. Glimps* (1979) 92 Cal.App.3d 315, 323-324; see *Loder v. Municipal Court* (1976) 17 Cal.3d 859, 876; *People v. Superior Court* (1968) 69 Cal.2d 491, 504.) Gruytch's testimony, although contradicted in several respects by Burleson's, was sufficient to

6

preclude a finding of factual innocence.[2]  (*People v. Scott M.*, *supra*, 167 Cal.App.3d at pp. 698-699.)

Burleson nonetheless maintains that because we opined in his first appeal that there was a "reasonable probability" that he would have realized a more favorable result had the jury been instructed on self-defense, he is entitled to a finding of factual innocence.  However, under the harmless error standard that applied to the instructional error at issue in the previous appeal, Burleson succeeded because it was reasonably probable that he would have achieved a more favorable result in the absence of error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)  That standard did not mean that no reasonable jury could have found Burleson guilty on remand.[3]  (*Id.* at p. 836; *People v. Soojian* (2010) 190 Cal.App.4th 491, 520 [recognizing that a finding of prejudice under this standard is not tantamount to an acquittal]; *People v. Adair*, *supra*, 29 Cal.4th at p. 909 [recognizing that even an acquittal does not establish a defendant's factual innocence].)

---

2    We noted in Burleson's first appeal that "[b]y its verdict, the jury demonstrated its rejection of Burleson's theory that he did not exhibit the shotgun in a rude, angry, or threatening manner."  (*People v. Burleson*, *supra*, D063898.)

3    In fact, if Burleson's argument to the contrary was correct, there would have been no reason for this court to remand the matter for further proceedings other than resentencing.

7

For these reasons, we affirm the order denying Burleson's section 851.8 motion.

DISPOSITION

The order is affirmed.

PRAGER, J.*

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8