Filed 3/5/25  P. v. Huerta CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL HUERTA,<br><br>    Defendant and Appellant. | B337942<br><br>(Los Angeles County<br>Super. Ct. No. A017876) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Gabriel Huerta, in pro. per.; and Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In January 2022, the trial court granted appellant Gabriel Huerta's petition for resentencing of a 1977 murder conviction, pursuant to Penal Code section 1170.95.[1] The People did not oppose the petition. In light of the age of the conviction, and because Huerta had been discharged from parole on the case, the trial court declined to resentence him on any target offenses. The court vacated the murder conviction. Huerta subsequently filed a petition seeking a determination of factual innocence. The trial court denied the petition and Huerta now appeals. Huerta's counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Huerta filed supplemental briefs contending the trial court erred in denying his petition. We affirm the trial court order.

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal does not include any documents related to the 1977 murder conviction, and few documents from the section 1172.6 proceedings. However, the relevant facts were not in dispute below. In January 2022, the trial court conducted a hearing on Huerta's section 1172.6 petition seeking resentencing of a conviction for a murder that occurred in 1977 (§ 187, subd. (a)). A jury found Huerta guilty of second degree murder.

The People conceded that Huerta was entitled to resentencing. The prosecutor informed the court that in the underlying case, the jury was instructed on a natural and

---

[1] All further statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the law as section 1172.6 for the remainder of this opinion.

2

probable consequences theory. Huerta was not alleged to be the actual killer. The prosecutor indicated that "given the factual scenario of this case, it appears, based on the evidence that we have right now, that it would be difficult to prove beyond a reasonable doubt" that Huerta was guilty of murder. Almost 45 years after the murder, the People had very little information on the case. They had no trial transcripts. The prosecutor explained that it would be difficult to reconstruct the case and even more difficult to locate any witnesses.

The prosecutor further informed the court that Huerta was at some point paroled on the case and discharged from parole soon after. Around one year later, Huerta was convicted of a second murder. He is still serving his sentence on the second murder.[2]

The prosecutor did not believe Huerta was convicted on any other charge in the 1977 murder case. It did not appear that Huerta was convicted on a felony murder theory because the jury did not return a first-degree murder conviction. The prosecutor admitted that although section 1172.6 provided that the court was to resentence the petitioner to the relevant target offense, Huerta's conviction had taken place during a time when "they didn't list the target offense," so he was unsure what the appropriate sentence would be. He suggested the court could resentence Huerta on assault and battery.

The court rejected the suggestion, reasoning: "At this point it seems like we're struggling to do something that is really not important. I doubt that we really need to figure out what he needs to be resentenced to considering he has been paroled,

_____

[2] The prosecutor indicated that Huerta was the actual killer in the second murder; at trial he claimed self-defense.

3

discharged, and is now serving time on something else. I'm just going to say let's vacate it and not try to resentence him on anything else." Defense counsel agreed. The court accordingly granted the resentencing petition and vacated the murder conviction.

In September 2022, Huerta filed a motion in propria persona for determination of factual innocence. (§ 851.8, subd. (c).) Huerta argued that the section 1172.6 hearing was the "functional equivalent" of a hearing to determine factual innocence under section 851.8. He contended the trial court's findings that he was entitled to relief under section 1172.6— namely that he was not the actual killer, that he was convicted under a natural and probable consequences theory, and that he could not be convicted of murder because of the 2019 changes to sections 188 and 189—were sufficient to establish no reasonable cause existed to believe he committed the murder.

The petition was heard in May 2024. Defense counsel argued that Huerta was disadvantaged by the lack of existing records and he could not prove that he should not have been arrested. However, counsel contended Huerta was only arrested based on an aiding and abetting theory and he was not the actual killer, thus the petition should be granted. The prosecutor, relying on *People v. Hollie* (2023) 97 Cal.App.5th 513 (*Hollie*), argued the petition should be denied. The prosecutor argued that the jury necessarily concluded Huerta was guilty of a target offense in finding guilt under either a natural and probable consequences theory or a felony murder theory. As a result, Huerta was not factually innocent of a target offense and was not entitled to have the record sealed under section 851.8.

The trial court denied the petition. Huerta timely

4

appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellant's counsel to send Huerta the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Huerta could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Huerta timely submitted supplemental letter briefs.[3]

## DISCUSSION

On appeal, Huerta contends his case is distinguishable from *Hollie*. As we understand his arguments, he also appears to ask this court to disagree with portions of the *Hollie* court's reasoning. He asserts that since the trial court expressly found he was not the actual killer, and he was not convicted on a theory of direct aiding and abetting or convicted of any target offense, he was entitled to a finding of factual innocence. He additionally contends the trial court and relevant caselaw have misinterpreted a petitioner's burden under section 851.8.

Under section 851.8, subdivision (c), in any case where a person is arrested, an accusatory pleading is filed, but no conviction occurs and the action is dismissed, the person may petition the court for a finding that the person is factually innocent of the charges for which the arrest was made. Under

---

[3]     On February 10, 2025, this court received two supplemental letters in one envelope, one dated January 24, 2025, titled "Appellant's Additional Supplemental Letter," and a second, dated January 26, 2025, titled "Appellant's Second Additional Supplemental Letter." On February 18, 2025, this court received a third supplemental letter, dated January 29, 2025, and titled "Final Additional Supplemental Letter."

5

section 851.8, subdivision (e), a court may also grant the relief available under subdivision (b) when a person is "acquitted of a charge and it appears to the judge presiding at the trial at which the acquittal occurred that the defendant was factually innocent of the charge . . . ." (*Id.*, subd. (e).)

Under section 851.8, subdivision (b), "[a] finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made."

"A petitioner's burden to establish factual innocence has been described as ' "incredibly high" ' and as requiring ' "no doubt whatsoever." ' [Citation.] ' "Section 851.8 is *for the benefit of those defendants who have not committed a crime*." ' [Citation.] 'Establishing factual innocence . . . entails establishing as a prima facie matter not necessarily just that the arrestee had a viable substantive defense to the crime charged, but more fundamentally that there was *no reasonable cause to arrest him in the first place*.' [Citations.]" (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 738–739.) We independently review the trial court's denial of a petition for factual innocence. (*People v. Adair* (2003) 29 Cal.4th 895, 897 (*Adair*).)

In *Hollie*, the court considered whether the defendant's successful petition for resentencing under section 1172.6 entitled him to a finding of factual innocence under section 851.8. Defendant Hollie was convicted of first degree murder, attempted

6

murder, and two counts of robbery. (*Hollie, supra,* 97 Cal.App.5th at p. 517.) In 2020, the trial court granted Hollie's section 1172.6 petition for resentencing on the murder count. The court found Hollie was a major participant in the murder but was not the actual shooter. The court resentenced Hollie on the remaining three convictions. (*Id.* at p. 518.)

Hollie subsequently filed a section 851.8 petition seeking a determination of factual innocence and the sealing of his arrest records. As in this case, Hollie argued "the court's order vacating his murder conviction constituted a finding that no reasonable cause existed to believe he had committed the offense for which his arrest had been made." (*Hollie, supra,* 97 Cal.App.5th at p. 518.) He also asserted that newly discovered evidence demonstrated he was actually innocent. The trial court denied the motion. (*Id.* at pp. 518, 519.)

On appeal, Hollie's sole argument was that "because he could not be found guilty of [the] murder under current law (as the superior court's order granting his petition for resentencing presumably established), then he must be factually innocent of that crime." (*Hollie, supra,* 97 Cal.App.5th at pp. 520–521, fns. omitted.) The reviewing court rejected the argument for two reasons, the first of which is most relevant here. The court reasoned that the order granting the petition for resentencing, without more, did not mean Hollie was factually innocent of the crime. The lower court's conclusion that Hollie was not the actual shooter, but was a major participant in the robbery, indicated an implied finding that the evidence was insufficient to prove beyond a reasonable doubt the second part of a felony murder theory under the amended law—that Hollie acted with reckless indifference to human life. "In other words, the [trial]

7

court found the evidence was insufficient to convict Hollie of murder under current law." (*Id.* at p. 521.)

This was not enough to entitle Hollie to relief under section 851.8. " ' " '[F]actually innocent' as used in [section 851.8, subdivision (b)] does not mean a lack of proof of guilt beyond a reasonable doubt or even by 'a preponderance of evidence.' [Citation.]" [Citation.] Defendants must "show that the state should never have subjected them to the compulsion of the criminal law—because no objective factors justified official action. . . ." [Citation.] In sum, the record must exonerate, not merely raise a substantial question as to guilt.' [Citations.] Indeed, that is the premise of section 851.8, subdivision (e), which provides, when a person has been acquitted of a charge, the trial judge has discretion—but is not obligated—to make a finding of factual innocence. Granting Hollie's section 1172.6 petition did not exonerate him of [the] murder." (*Hollie*, *supra*, 97 Cal.App.5th at pp. 521–522, fns. omitted.)

We agree with the *Hollie* court's reasoning and find it equally applicable here. As Huerta points out, his case is different from *Hollie*; however, the differences do not assist his argument. Here, the trial court was not called upon to determine whether there was evidence sufficient to convict Huerta of murder under current law. The prosecutor conceded that due to the passage of time and the loss of records related to the case, he was uncertain if sufficient evidence could be marshaled to prove Huerta's guilt beyond a reasonable doubt, and his office did not care to try. However, as in *Hollie*, those circumstances were not enough for a finding of factual innocence. That Huerta was convicted on a now-invalid legal theory, and the People declined to further pursue his prosecution for the murder, did not show

8

that the state should never have subjected him to the compulsion of the criminal law in 1977. The circumstances leading to the granting of the section 1172.6 petition do not exonerate Huerta.

Further, the absence of certainty regarding what target offenses were argued at Huerta's original trial does not establish that no objective factors justified official action against Huerta in 1977. The natural and probable consequences doctrine is a theory that always required the jury to conclude the defendant was guilty of *a* crime related to the ultimate murder. For example, a 1976 jury instruction informed the jury: " 'One who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and reasonable or probable consequences of any act that he knowingly aided or encouraged.' [Citation.]" (*People v. Prettyman* (1996) 14 Cal.4th 248, 263.) In other words, a jury could not have convicted Huerta under a natural and probable consequences theory without concluding he had some involvement in the crime by aiding and abetting a target offense. As a result, the invalidation of Huerta's conviction, due to subsequent changes in the law eliminating the natural and probable consequences doctrine as a basis for murder liability, is not equivalent to a finding that there was no reasonable cause to arrest him in the first place. (*People v. Chagoyan* (2003) 107 Cal.App.4th 810, 817.)

Finally, Huerta argues that the trial court's finding that he was not the actual killer entitled him to a finding of factual innocence. Not so. Being the actual killer was not the only available theory of murder liability when Huerta was arrested and convicted, and it is not the only valid theory of liability for murder now. " 'To be entitled to relief under section 851.8, "[t]he

9

arrestee [or defendant] . . . must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that the person arrested [or acquitted] is guilty of the crimes charged." ' (*Adair*, [*supra*, 29 Cal.4th] at p. 904.)" (*People v. Forest* (2017) 16 Cal.App.5th 1099, 1110.)  The trial court's finding that Huerta was not the actual killer, and the People's concession that the loss of records and witnesses would make it difficult to reconstruct the case and establish Huerta's guilt beyond a reasonable doubt, neither established there was no reasonable cause to arrest him in the first place for murder, nor exonerated him.[4]

---

[4]     Although we do not disagree with the *Hollie* court's conclusion that "partial sealing of an arrest record is not permitted under section 851.8" (*Hollie, supra,* 97 Cal.App.5th at p. 522), we need not determine whether that portion of the court's reasoning is applicable here.  We additionally note it does not appear that the trial court relied on that portion of *Hollie* in denying Huerta's motion.

## DISPOSITION

The trial court order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.